**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2012

No. 12-40038
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEVERIANO VALDEZ, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-192-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Severiano Valdez, III, appeals his sentence of 24 months of imprisonment imposed following the district court's revocation of his term of probation. He argues that his sentence is well above the advisory range and was imposed without stated reasons, and is thus unreasonable.

Because Valdez did not assert this issue in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The record reflects that the district court considered the policy statements and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the recommended sentencing guidelines range.    The advisory range of imprisonment for Valdez was 4 to 10 months, while the statutory maximum term of imprisonment was two years.  After indicating that Valdez had been given "a break" at his original sentencing by being sentenced to only probation for his drug violation, the district court noted Valdez's continued drug use, the fact that he declined drug treatment, and the fact that he additionally had a prior conviction for driving while impaired.  The probation officer recommended that Valdez be sentenced at the top of the advisory range to 10 months, and Valdez requested a sentence at the bottom of the advisory range of 4 or 6 months.    The district court additionally considered Valdez's arguments regarding his gainful employment and generally drug-free record and his allocution.  After considering the arguments and expressing its concerns, the court concluded that the statutory maximum term of imprisonment of 24 months was appropriate.  The sentence imposed falls within the statutory maximum, and the record reflects that the district court implicitly considered the policy statements and the § 3553 factors. *See United States v. Kippers*, 685 F.3d 491, 498-99 (5th Cir. 2012).  Valdez has not demonstrated that the district court committed a clear or obvious error affecting his substantial rights. *See id.*; *Whitelaw*, 580 F.3d at 265.  The judgment is AFFIRMED.